IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHRISTINE ABBOTT | * | |
| | * | CIVIL NO. 13-CV-3530 |
| *Plaintiff,* | * | |
| v. | * | |
| OFFICER GRISHKOT, et al. | * | |
| *Defendants.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

Defendants, Officers Lee Grishkot and Todd Edick, by their attorneys, Michael Marshall, Chaz Ball, and Schlachman, Belsky & Weiner, P.A., in answer to Plaintiff's Complaint, state as follows:

### JURISDICTION AND VENUE

1. No answer required
2. Admitted
3. Admitted

### PARTIES

4. No answer required
5. Admitted
6. Admitted
7. No answer required

## GERNERAL ALLEGATIONS

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, and the averments are therefore deemed denied.

9. Admitted.

10. Denied.

11. Admitted.

12. Admitted as to Defendant Edick and denied as to Defendant Grishkot.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Admitted as to Defendant Grishkot and denied as to Defendant Edick.

23. Denied.

24. Admitted as to Defendant Grishkot and denied as to Defendant Edick.

25. Denied.

26. Denied.

27. Admitted that Plaintiff was arrested by Defendant Grishkot. Plaintiff was detained at Central Booking and Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, and the averments are therefore deemed denied.

28. Admitted. The Defendants did not question her.

29. Admitted.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, and the averments are therefore deemed denied.

## COUNT I: VIOLATION OF 42 U.S.C. §1983 BASED ON DETENTION

31. No answer is required.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, and the averments are therefore deemed denied.

## COUNT II: VIOLATION OF 42 U.S.C. §1983 BASED ON MALICIOUS PROSECUTION

41. No response required.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Admitted as to Defendant Grishkot and denied as to Defendant Edick.

47. Admitted as to Defendant Grishkot and denied as to Defendant Edick.

48. Denied.

49. Admitted as to Defendant Grishkot and denied as to Defendant Edick.

50. Denied.

51. Denied.

52. Denied.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, and the averments are therefore deemed denied.

54. Denied.

55. Defendants do not know what "as a direct result" means, and the averments are therefore deemed denied.

## COUNT III: STATE MALICIOUS PROSECUTION

56. No answer required.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, and the averments are therefore deemed denied.

63. Denied.

64. Defendants do not know what "as a direct result" means, and the averments are therefore deemed denied.

### COUNT IV: VIOLATION OF 42 U.S.C. §1983 USE OF EXCESSIVE FORCE

65. No answer is required.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments, and the averments are therefore deemed denied.

### COUNT V: BATTERY OF PLAINTIFF

77. No answer required.

78. Denied.

79. Denied.

80. Denied.

### COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. No answer required.

82. Denied.

83. Denied.

84. Denied.

85. Defendants do not know what "as a direct result" means, and the averments are therefore deemed denied.

### COUNT VII: VIOLATION OF 42 U.S.C. § 1983 FAILURE TO ADEQUATELY TRAIN, SUPERVISE, AND DISCIPLINE POLICE OFFICERS

86. No response required as the allegations do not relate to these Defendants.

87. No response required as the allegations do not relate to these Defendants.

88. No response required as the allegations do not relate to these Defendants.

89. No response required as the allegations do not relate to these Defendants.

90. No response required as the allegations do not relate to these Defendants.

91. No response required as the allegations do not relate to these Defendants.

### COUNT VIII: VIOLATION OF 42 U.S.C. 1983 BASED ON FIRST AMENDMENT RETALIATION AGAINST PLAINTIFF

92. No response required.

93. Denied.

94. Admitted. Defendant Grishkot arrested the Plaintiff.

95. Denied.

96. Denied.

97. Denied.

98. Defendants do not know what "as a direct result" means, and the averments are therefore deemed denied.

## COUNT IX: FALSE IMPRISONMENT

99. No answer is required

100. Admitted. Defendant Grishkot arrested the Plaintiff.

101. Admitted. Defendant Grishkot arrested the Plaintiff.

102. Denied

103. Defendants do not know what "as a direct result" means, and the averments are therefore deemed denied.

## COUNT X: ARTICLE 24 AND 26 OF THE MARYLAND DECLARATION OF RIGHTS – UNLAWFUL DETENTION, MALICIOUS PROSECUTION, EXCESSIVE FORCE, AND FIRST AMENDMENT RETALIATION

104. No answer is required

105. Defendants are without knowledge or information sufficient to form a belief as to a legal conclusion, and the averments are therefore deemed denied.

106. No answer is required

ALL ALLEGATIONS OF THE COMPLAINT NOT SPECIFICALLY ADMITTED ARE DENIED, AND DEFENDANTS DEMAND STRICT PROOF THEREOF.

## AFFIRMATIVE DEFENSES

## DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every allegation thereof, fails to state a claim upon which relief can be granted.

DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

Defendants generally deny any allegations of wrongdoing and assert further that they have not violated any of Plaintiff's constitutional rights.

DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

Any arrest, search or detention of Plaintiff was lawful, and any seizures were lawful.

DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

Defendants had probable cause and reasonable articulable suspicion to search and detain Plaintiff, and to make any seizures, to the extent that Defendants did any of the above-mentioned acts.

DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

Defendants did not act with any malice and their actions were objectively reasonable.

DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

Defendants acted reasonably under the circumstances and in good faith.

DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

Defendants' actions were privileged because Defendants were performing lawful duties as members of the Baltimore Police Department and are entitled to and claim all common law, statutory, and qualified immunities.

DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any injuries, losses or damages as a result of the incident alleged in her Complaint, the injuries were proximately caused by Plaintiff's own illegal conduct or by the conduct of other persons or parties for whom Defendants were not and are not responsible or liable.

### DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, and by the doctrines of laches.

### DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of the risk.

### DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of contributory negligence.

### DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of governmental immunity and qualified immunity.

### DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate her alleged damages.

### DEFENDANTS' SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, res judicata and collateral estoppel.

## DEFENDANTS' SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of illegality.

## DEFENDANTS' EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to give adequate and sufficient notice of her claims alleged in their Complaint as required by Md. Ann. Code, Cts. & Jud. Proc. Art. § 5-304.

WHEREFORE, having fully answered Plaintiff's Complaint regarding all causes of action, Defendants Grishkot and Edick respectfully requests that Plaintiff be denied the relief requested in her Complaint; that Plaintiff's Complaint be dismissed in its entirety and with prejudice as to both Defendants; that judgment be entered in favor of Defendants Grishkot and Edick and against Plaintiff Abbott; that Defendants Grishkot and Edick be awarded their costs and attorney fees incurred in defending this action; and that this Court grant Defendants Grishkot and Edick such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

_/s/_____
Michael Marshall
Schlachman, Belsky & Weiner, P.A.
300 East Lombard Street, Suite 1100
Baltimore, Maryland 21202
(410) 685-2022
*Attorneys for Defendants Grishkot and Edick*

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2014, a copy of the foregoing Answer was electronically filed with the United States District Court for the District of Maryland. All counsel of record are being served by the Court's electronic filing system or by first-class mail, properly addressed and postage prepaid.

_/s/_____
Michael Marshall