EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| CHRISTINE ABBOTT | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. NO. 13-cv-3530 |
| | * | |
| CITY OF BALTIMORE, MARYLAND, | * | |
| OFFICER L. GRISHKOT, OFFICER T. EDICK | * | |
| | * | Demand for Jury Trial |
| | * | |
| Defendants, | * | |
| | * | |
| | * | |
| | * | |

## COMPLAINT

Plaintiff Christine Abbott, through her undersigned attorney, Stephen P. Norman, hereby brings this action against the Defendants, City of Baltimore, Maryland, Officer L. Grishkot, and Officer T. Edick, and in support thereof, alleges as follows:

## JURISDICTION AND VENUE

1) This is a civil action for damages arising under Maryland Common Law and Articles 24 and 26 of the Maryland Declaration of Rights, the First, Fourth and Fourteenth Amendments to the United States Constitution, and The Civil Rights Act of 1964 – 42 U.S.C. § 1983 and § 1988. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §1331, 1343(a)(3) and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2) Personal jurisdiction is proper since all parties either reside in the District, conduct business in the District, or the unlawful actions giving rise to the claim took place within the District.

1

3) Venue is properly in this Court pursuant to 28 U.S.C. §1391(b) because the events giving rise to the suit occurred in this Judicial District.

## PARTIES

4) Plaintiff, Christine Abbott ("Plaintiff") is an adult individual and a resident of the State of Maryland.  Plaintiff may be contacted for purposes of this litigation through her counsel, Stephen P. Norman of The Norman Law Firm, 30838 Vines Creek Rd., Unit 3, Dagsboro, DE 19939.

5) Defendant, Officer L. Grishkot ("Grishkot"), acted under color of law as an agent or employee of the Baltimore City Police Department at all relevant times hereto.

6) Defendant, Officer T. Edick ("Edick") acted under color of law as an agent or employee of the Baltimore City Police Department at all relevant times hereto.[1]

7) Defendant, City of Baltimore, Maryland ("City") is a municipal corporation duly organized, existing and operating under and pursuant to the applicable laws of the State of Maryland and at all relevant times was the employer of all Individual Defendants and as such has responsibility for hiring, training, supervision, disciplining and retention of police officers employed by City.

## GENERAL ALLEGATIONS

8)7)        On or about June 2, 2012, Plaintiff was hosting a social gathering at Plaintiff's residence at 3853 Falls Road, Baltimore, Maryland, 21211 (the "Residence").

9)8)        Defendants arrived at the Residence around 12 a.m. in response to, upon information and belief, a noise complaint.

10)9)        Defendants spoke with Jacob Masters, Jr. outside of the Residence and aggressively demanded that Masters put out his cigarette while they were speaking with him.

---

[1] Defendants Grishkot and Edick shall be referred to together as "Individual Defendants."

11)10)      Masters refused, and Defendants responded aggressively.

12)11)      Defendants threatened to use a taser on Masters.

13)12)      At this time, Plaintiff told Defendants and Masters to calm down and that there was no need for threatening and/or use of a taser.

14)13)      Defendants, in response, grabbed Plaintiff and threw her to the ground.

15)14)      Plaintiff's dress went up over her back, revealing her underwear.

16)15)      Plaintiff's shoulder was cut and bleeding from Defendants throwing her to the ground.

17)16)      Plaintiff's ankle was injured from Defendants throwing her to the ground.

18)17)      Defendants stood Plaintiff up.

19)18)      Plaintiff's dress was ripped from Defendants throwing her to the ground.

20)19)      Plaintiff's breasts were exposed.

21)20)      Defendants refused to allow Plaintiff to pull up her dress or otherwise conceal her breasts.

22)21)      Defendants handcuffed Plaintiff.

23)22)      Defendants forcefully threw Plaintiff into the back of a police van.

24)23)      Defendants did not strap or harness Plaintiff into the back of the police van.

25)24)      Defendants maniacally drove Plaintiff to the police station, thereby tossing Plaintiff's person around the interior of the police van.

26)25)      As a result, Plaintiff sustained further injuries.

27)26)      Defendants arrested and detained Plaintiff for around nineteen (19) hours.

28)27)      Defendants did not read Plaintiff her rights.

29)28)      Plaintiff was charged with assault, resisting arrest, obstructing and hindering, and

disorderly conduct.

29) All charges were dismissed against Plaintiff.

30) Plaintiff has complied with *Md. Code Ann., Cts. & Jud. Proc. § 5-304(b)*, by providing proper notice of the claims herein within 180 days after the injury took place.

## COUNT I:  VIOLATION OF 42 U.S.C. §1983 BASED ON UNLAWFUL DETENTION OF PLAINTIFF – ALL INDIVIDUAL DEFENDANTS

31) Plaintiff re-alleges and incorporates by reference all allegations in this Complaint, above and below, as though fully set forth herein.

32) Defendants, without reasonable suspicion or probable cause that Plaintiff had committed a crime, unlawfully arrested and detained Plaintiff.

33) Plaintiff merely suggested that all involved parties calm down.

34) Plaintiff was not creating a disturbance and no persons were at risk as a result of Plaintiff's actions.

35) Plaintiff was unlawfully seized when she was handcuffed and transported to the police station by the officers.

36) There were no exigent or other circumstances justifying the seizure of Plaintiff.

37) The scope of the intrusion by Defendants was not reasonably related to the circumstances that gave rise to it.

38) All Defendants actively participated in the false arrest of Plaintiff.

39) As a result of this false arrest, Plaintiff was charged with various crimes without probable cause that they had been committed.

40) As a direct result, Plaintiff suffered severe physical, psychological, and emotional damages that required immediate and long-term medical care.

## COUNT II:  VIOLATION OF 42 U.S.C. §1983 BASED ON MALICIOUS

4

## PROSECUTION – ALL INDIVIDUAL DEFENDANTS

41) Plaintiff re-alleges and incorporates by reference all allegations in this Complaint, above and below, as though fully set forth herein.

42) Defendants, without reasonable suspicion or probable cause that Plaintiff had committed a crime, unlawfully arrested and detained Plaintiff.

43) Plaintiff merely suggested that all involved parties calm down.

44) Plaintiff was not creating a disturbance and no persons were at risk as a result of Plaintiff's actions.

45) As a result of this false arrest, Plaintiff was charged with various crimes without probable cause that they had been committed.

46) Defendants initiated the proceedings against Plaintiff by either charging Plaintiff with various crimes or actively participating in the arrest of Plaintiff.

47) Defendants seized Plaintiff pursuant to legal process and initiated a criminal proceeding when they charged Plaintiff with 1) Second Degree Assault, 2) Resisting Arrest, 3) Obstructing and Hindering, 4) Disorderly Conduct/Disturbing the Peace.

48) Defendants seized Plaintiff when they threw her to the ground.

49) Defendants seized Plaintiff when they handcuffed her.

50) Defendants seized Plaintiff when they threw her into a police vehicle.

51) Seizure of Plaintiff was not supported by probable cause since Plaintiff did not commit the acts alleged by Defendants, and Defendants should have known this.

52) All Defendants participated in the malicious prosecution of Plaintiff for a primary purpose other than bringing Plaintiff to justice, including but not limited to malice or to cover up their improper conduct as alleged herein.

53) All charges were resolved in Plaintiff's favor when the State nolle prosequi'd all charges.

54) As a direct result, Plaintiff suffered deprivations of her liberty including but not limited to those consistent with the consequence of an unlawful arrest, unreasonable seizure and malicious prosecution.

55) As a direct result, Plaintiff suffered severe physical, psychological, and emotional damages that required immediate and long-term medical care.

## COUNT III:  STATE MALICIOUS PROSECUTION – ALL INDIVIDUAL DEFENDANTS

56) Plaintiff re-alleges and incorporates by reference all allegations in this Complaint, above and below, as though fully set forth herein.

57) Defendants, without reasonable suspicion or probable cause that Plaintiff had committed a crime, unlawfully arrested and detained Plaintiff.

58) Plaintiff merely suggested that all involved parties calm down.

59) Plaintiff was not creating a disturbance and no persons were at risk as a result of Plaintiff's actions.

60) As a result of this false arrest, Plaintiff was charged with various crimes without probable cause that they had been committed.

61) Defendants initiated the proceedings against Plaintiff by either charging Plaintiff with various crimes or actively participating in the arrest of Plaintiff.

62) All charges were resolved in Plaintiff's favor as they were dismissed prior to trial.

63) All Defendants participated in the malicious prosecution of Plaintiff for a purpose other than bringing Plaintiff to justice, including but not limited to, malice or to cover up their improper conduct as alleged herein.

64) As a direct result, Plaintiff suffered severe physical, psychological, and emotional

damages that required immediate and long-term medical care.

### COUNT IV: VIOLATION OF 42 U.S.C. §1983 USE OF EXCESSIVE FORCE – ALL INDIVIDUAL DEFENDANTS

65) Plaintiff re-alleges and incorporates by reference all allegations in this Complaint, above and below, as though fully set forth herein.

66) Defendants lacked reasonable suspicion and probable cause to arrest and detain Plaintiff.

67) Plaintiff merely suggested that all involved parties calm down.

68) Plaintiff was not creating a disturbance and no persons were at risk as a result of Plaintiff's actions.

69) Defendants used excessive force against Plaintiff when they threw her to the ground.

70) Defendants used excessive force against Plaintiff when they stood her up and revealed her breasts.

71) Defendants used excessive force against Plaintiff when they tossed her into the rear of their police van.

72) Defendants used excessive force against Plaintiff when they drove the police van maniacally, which tossed Plaintiff's person around the interior of the police van.

73) In fact any force would have been excessive since there was no reasonable suspicion or probable cause to seize or detain Plaintiff who had not committed a crime.

74) Defendants' excessive force was particularly harmful and offensive as it was of a sexual nature, revealing Plaintiff's underwear and breasts and refusing to allow Plaintiff to conceal her breasts thereafter.

75) Plaintiff neither resisted arrest nor posed any threat to Defendants or any others.

76) As a direct result of Defendants' excessive force, Plaintiff suffered severe physical, psychological, and emotional damages that required immediate and long-term medical care.

## COUNT V:  BATTERY OF PLAINTIFF – ALL INDIVIDUAL DEFENDANTS

77) Plaintiff re-alleges and incorporates by reference all allegations in this Complaint, above and below, as though fully set forth herein.

78) Defendants intentionally made harmful and offensive conduct with Plaintiff by throwing her to the ground, standing her up and revealing her breasts, throwing her into the rear of the police van unharnessed, and by driving the police van maniacally tossing Plaintiff's person around the interior of the Police van.

79) Defendants' excessive force was particularly harmful and offensive as it was of a sexual nature, revealing Plaintiff's underwear and breasts and refusing to allow Plaintiff to conceal her breasts thereafter.

80) As a direct result of these batteries, Plaintiff suffered severe physical, psychological, and emotional damages that required immediate and long-term medical care.

## COUNT VI:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ALL INDIVIDUAL DEFENDANTS

81) Plaintiff re-alleges and incorporates by reference the allegations in the General Allegations, above and below, as though fully set forth herein.

82) Defendants intentionally engaged in extreme, outrageous, and malicious conduct by throwing her to the ground, standing her up and revealing her breasts, throwing her into the rear of the police van unharnessed, and by driving the police van maniacally thereby tossing Plaintiff's person around the interior of the Police van.

83) Defendants' intentional conduct exceeds the bounds of decency tolerated in a civilized society.

84) The conduct of the Individual Defendants in throwing Plaintiff to the ground, standing her up and revealing her breasts, throwing her into the police van unharnessed, and driving the

8

police van maniacally thereby tossing Plaintiff's person around the interior of the police van, was malicious, intentional, and at the minimum, reckless.

85) As a direct result, Plaintiff suffered severe emotional distress, physical, psychological, and other emotional damages that required immediate and long-term medical care.

**COUNT VII:  VIOLATION OF 42 U.S.C. §1983 FAILURE TO ADEQUATELY TRAIN, SUPERVISE, AND DISCIPLINE POLICE OFFICERS—DEFENDANT CITY OF BALTIMORE**

86) Plaintiff re-alleges and incorporates by reference all allegations in this Complaint, above and below, as though fully set forth herein.

87) Prior to the events described herein, Defendant City developed and maintained ordinances, policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the geographic and jurisdictional limits of the City of Baltimore, which caused violations of Plaintiff's constitutional rights.

88) Specifically, Defendant City failed to adequately and properly supervise and train its police officers in various aspects of law enforcement procedure, including but not limited to, the nature and existence of probable cause, on the constitutional limitations on investigative stops, detentions, searches and seizures, and on the Laws of Maryland.

89) Further, Defendant City failed to instruct its law enforcement officers in the proper use of restraints in a police van.

90) The above-described acts and omissions by Defendant City demonstrated a deliberate indifference to the constitutional rights of citizens of Baltimore, and were the direct and proximate cause of the violations of Plaintiff's rights as set forth herein.

91) As a direct result, Plaintiff suffered severe physical, psychological, and emotional damages that required immediate and long-term medical care.

### COUNT VIII:  VIOLATION OF 42 U.S.C. §1983 BASED ON FIRST AMENDMENT RETALIATION AGAINST PLAINTIFF – ALL INDIVIDUAL DEFENDANTS

92)86)    Plaintiff re-alleges and incorporates by reference all allegations in this Complaint, above and below, as though fully set forth herein.

93)87)    Plaintiff was engaging in constitutionally protected activity when she merely suggested that all involved parties calm down.

94)88)    Defendants then arrested Plaintiff and charged her with various crimes.

95)89)    Plaintiff Smith was arrested for engaging in the constitutionally protected activity of freedom of speech.

96)90)    Defendants' actions in arresting Plaintiff for engaging in the constitutionally protected activity were sufficient to chill Plaintiff from continuing to engage in that activity.

97)91)    Defendants' actions of arresting Plaintiff were substantially motivated against Plaintiff's exercise of constitutionally protected conduct.

98)92)    As a direct result, Plaintiff suffered severe physical, psychological, and emotional damages that required immediate and long-term medical care.

### COUNT VIIIIX:  FALSE IMPRISONMENT – ALL INDIVIDUAL DEFENDANTS

99)93)    Plaintiff re-alleges and incorporates by reference all allegations in this Complaint, above and below, as though fully set forth herein.

100)94)    All Individual Defendants deprived Plaintiff of her liberty.

101)95)    The deprivation of Plaintiff's liberty was without her consent.

102)96)    The deprivation of Plaintiff's liberty was without legal justification.

103)97)    As a direct result, Plaintiff suffered severe physical, psychological, and emotional damages that required immediate and long-term medical care.

**COUNT IX – ARTICLE 24 AND 26 OF MARYLAND DECLARATION OF RIGHTS-
UNLAWFUL DETENTION, MALICIOUS PROSECUTION, EXCESSIVE FORCE,
AND FIRST AMENDMENT RETALIATION – ALL INDIVIDUAL DEFENDANTS**

104)98)    Plaintiff re-alleges and incorporates by reference all allegations in this Complaint, above and below, as though fully set forth herein.

105)99)    Articles 24 and 26 of the Maryland Declaration of Rights "are read in pari material with the Fourteenth and Fourth Amendments, to the United States Constitution, respectively." *Warren v. Montgomery County*, C.A. PFJ 09-2510, 9 (D. Md. 2012, August 30, 2012).

106)100)  Plaintiff hereby asserts Maryland's Declaration of Rights claims based on Unlawful Detention, Malicious Prosecution, and Excessive Force, Failure to Train, and First Amendment Retaliation, as set forth in the preceding paragraphs in Counts I, II, IV, and VIII, under 42 U.S.C. §1983 and the United States Constitution.

**PRAYER FOR RELIEF**

WHEEFORE, Plaintiff prays for judgment against Defendants as follows:

A.    All lawful damages, including compensatory damages in an amount to be determined, against all Defendants.

B.    Nominal damages.

C.    Punitive damages in an amount sufficient to punish Defendants and discourage them and others from engaging in similar conduct in the future.

D.    Plaintiffs' costs in this action, including reasonable attorney fees pursuant to 42 U.S.C. §1983 and pre and post-judgment interest.

E.    An order that the City adopt and implement policies, practices, and procedures to remedy the pattern or practice of conduct described above, and to prevent officers from depriving

11

persons of rights, privileges, or immunities secured or protected by the Constitution or laws
of the United States.

F.  An order mandating City of Baltimore to suspend without pay the Individual Defendants
listed in the above caption, for a reasonable time to deter a recurrence of the illegal and
unconstitutional activities described above.

G.  Such other relief, including any other prospective injunctive relief, as this Court deems just
and equitable.

H.  Trial by Jury.

Respectfully Submitted,

**THE NORMAN LAW FIRM**

 /s/Stephen P. Norman
Stephen P. Norman, Esquire, Bar I.D. 29202
30838 Vines Creek Rd., Unit 3
Dagsboro, Delaware  19939
302-537-3788
SNorman@TheNormanLawFirm.com
*Attorney for Plaintiff*

Date: ~~November 22, 2013~~May 20, 2014

12