**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| CHRISTINE ABBOTT | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. NO. 13-cv-3530 |
| | * | |
| OFFICER L. GRISHKOT, | * | |
| | * | |
| OFFICER T. EDICK | * | Demand for Jury Trial |
| | * | |
| | * | |
| Defendants, | * | |
| | * | |
| | * | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
RESPONSE TO MOTION OF BALTIMORE POLICE DEPARTMENT
TO QUASH PLAINTIFF'S SUBPOENA FOR DEPOSITION TESTIMONY**

**I.      INTRODUCTION**

The case at bar alleges violations of U.S.C. §1983 as well as state law.  Plaintiff,

Christine Abbott, alleges that two individual officers of the Baltimore Police Department

(hereinafter "the BPD")[1] violated her constitutional rights and caused her significant

physical and psychological injury, when on June 2, 2012 they unlawfully arrested her at

the address of her home, transported her to a police facility, and detained her for more

than 18 hours.  This Court issued a Scheduling Order (Document 14) on or about August

12, 2014, which established, among other things, that all discovery in the case should be

completed on or before December 26, 2014.  The Court thereafter entered two Orders

amending the discovery deadline by stipulation of the parties.  Document 23, entered on

or about October 27, 2014, extended the discovery deadline to January 25, 2015.

---

[1] The Baltimore Police Department is not a party to this litigation.

Document 28, entered on or about January 23, 2015, extended the discovery deadline to April 17, 2015.  The trial of this case is scheduled to commence on September 14, 2015.

Plaintiff first sought discovery from the BPD via a subpoena to produce documents, issued on October 14, 2014.  See Subpoena, attached as Exhibit A.  Unsatisfied with the response of the BPD to the subpoena for production, counsel for Plaintiff caused a letter to be sent to counsel for the BPD requesting an appropriate response to the subpoena. See Letter of March 16, 2015, attached as Exhibit B.  Plaintiff received nothing in response.

In the interim, the parties to the case continued with discovery, and stipulated to go beyond the discovery deadline in order to conduct several witness depositions.  Plaintiff served upon the BPD a subpoena for deposition, pursuant to Rule 30(b)(6) on May 15, 2015.  The BPD filed the instant Motion to Quash in response to the subpoena. Plaintiff concedes that there was not an additional Order which extended the discovery period beyond the date of the subpoena that was issued to the BPD.

The BPD argues that: (1) the subpoena is invalid because the discovery deadline passed; (2) the subpoena is unduly broad and burdensome; and (3) the discovery sought by Plaintiff through the subpoena fails to comply with Rule 26(b), and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff disagrees with each argument.

## II.    APPLICABLE LAW

Rule 30(b)(6) provides:

> ***Notice or Subpoena Directed to an Organization***.  In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination.  The named organization

must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; abd it may set out the matters on which each person designated will testify.  A subpoena must advise a nonparty organization of its duty to make this designation.  *The persons designated must testify about information known or reasonably available to the organization*.  This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules. (Emphasis added).

Rule 26(b)(1) provides*:*

**Scope in General**.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  *For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action*.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C). (Emphasis added).

Rule 45(c)(3)(C) provides:

*Specifying Conditions as an Alternative*.  In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i)     shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii)    ensures that the subpoenaed person will be reasonably compensated.

Local Rule 104 provides (in pertinent part):

**7.      Conference of Counsel Required**
     Counsel shall confer with one another concerning a discovery dispute and make *sincere* attempts to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court.  (Emphasis added).

### III.   ARGUMENT

A. The Subpoena is Not *Per Se* Invalid

The BPD, in support of its Motion, first asserts that the Subpoena issued by Plaintiff is outside of the discovery deadline set forth in the Court's Scheduling Order, and is therefore *per se* invalid.  The BPD further asserts that its counsel sent a letter to Plaintiff indicating its objection to the subpoena.  See, BPD Memo, at p. 2.  The BPD alleges that it received no response to its letter.  In fact, Plaintiff responded to counsel for BPD by telephone after receiving the letter, and has responded to BPD's Motion to Quash with several telephone messages in an attempt to address the discovery dispute.[2]  Plaintiff has received no response to these telephone messages.  Moreover, Plaintiff has indicated within the telephone messages its desire to submit to the Court's preferred method of resolution for discovery disputes (telephone conference), but the request for such a conference has been ignored.

As set forth above, Local Rule 104.7 requires that counsel confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them.  The rule specifically states that, "[t]he Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, and the names of all persons participating therein, or (b) counsel's attempts to hold such a conference without success; and (c) an itemization of the issues requiring resolution by the Court."  The BPD has not filed a certificate which comports with Local Rule 104.7.  The Certificate of Good Faith Efforts filed by counsel for BPD cites only the letter of May 12, 2015, which in no way requests a conference pursuant to the Local Rule, and in no way indicates that a Motion to Quash was imminent.  In fact, the Motion to Quash was filed six

---

[2] See Affidavit of Erwin Jansen, attached as Exhibit C.

weeks later, with no further attempt to contact counsel, to resolve the dispute, or to engage in the conference required by the Local Rule. Certainly, the letter issued by the BPD cannot be considered a sincere attempt to resolve this discovery issue. Instead, the BPD unilaterally decided that it does not wish to produce a corporate designee, and has now buried its head in the sand in an attempt to hide behind its perception of the Rules of Civil Procedure. Because the BPD has failed to comply with the rules of this Court, the instant Motion to Quash should fail as a matter of law.

As the Court is well aware, discovery is intended to be broad. Rule 45(c)(3)(C), *supra*, sets forth the mechanism by which the Court can assert its authority to fashion a fair resolution to disputes such as these. The record in this case is clear that Plaintiff initially sought discovery from the BPD in October, 2014. The record further reflects that Plaintiff communicated with the BPD, via letter, its dissatisfaction with the responses to discovery provided by the BPD. As such, the BPD has at all pertinent times been on notice that Plaintiff sought information in this case related to the specifics of the case, as well as the general policies, procedures, and customs of the Department as they related to the alleged actions of the Defendant Officers. See, Exhibit A.

The parties to this case are attempting to prepare the case for trial, and have agreed to continue taking discovery depositions in that effort. Plaintiff has obtained the consent of Defendant to extend the discovery deadline for the purpose of taking the Rule 30(b)(6) deposition of the BPD. *Id.* The BPD has many cases pending in this Court and is charged with knowledge of the Local Rules. Not only has the BPD failed to adhere to the Local Rules of the Court, it has also failed to demonstrate a willingness to engage in the preferred procedure of this Court for the resolution of discovery disputes, despite having been invited by Plaintiff to

conference with the Court in an effort to resolve the matter efficiently.  This case does not represent the type of circumstance where a party has abused the discovery system and should be precluded from obtaining important, relevant information prior to trial.

### B.  Plaintiff's Subpoena is Not Unduly Burdensome

The BPD next argues that Plaintiff's Subpoena is unduly burdensome.  In making this assertion the BPD cites exhibit A to the Subpoena, which lists 18 subject areas for the designee(s) to discuss at deposition.  The BPD flatly argues that, "BPD would have to identify and prepare multiple custodians in order to provide adequate (30(b)(6) style testimony for all of the subject matter identified in Plaintiff's requests."  See BPD Memo, at p. 3.  BPD provides no authority in support of the assertion that the Subpoena is unduly broad.  In fact, the Rule clearly contemplates that a corporate entity may need to identify and prepare multiple witnesses to adequately respond to a subpoena.  See Rule 30(b)(6), ("The organization must then designate *one or more persons* to testify and indicate the matters in which the person *or persons* will testify.").  Emphasis added.  See also, Wilson v. Lakner, 228 F.R.D. 524 (D.Md. 2005).

The Rule also states quite clearly that, "The persons so designated shall testify as to matters known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6); (See also Lakner, at 528).  "There can be no question that the rule imposes a duty to prepare the designee that goes beyond matters personally known to the designee or to matters in which that designee was personally involved." *Id.,* citing Poole v. Textron, Inc., 192 F.R.D. 494, 504 (D.Md. 2000); United States v. Taylor, 166 F.R.D. 356, 361 (M.D.N.C. 1996).  The organization is expected to **create** a witness or witnesses with responsive knowledge.  Taylor, at 361.  Here, each and every subject matter area requested in the Subpoena relates to "the policies, practices, customs and procedures of the Baltimore City Police Department."  It is difficult to believe that it would be

unduly burdensome for the BPD to identify and prepare one or more persons to testify regarding its own policies.  To the extent that any policies exist, it must be within the realm of reason for a designee of the BPD to discuss them.  Certainly, policies were requested in Plaintiff's initial subpoena to BPD, and none were produced.  The Subpoena concerns relevant information to which Plaintiff is reasonably entitled.

In addition, the inquiry regarding whether a subpoena subjects a witness to undue burden is highly case specific and involves the exercise of judicial discretion.  Maxtena, Inc. v. Marks, 289 F.R.D. 427 (D.Md. 2012).  The burden of proving that a subpoena is oppressive is on the party moving to quash.  Id.  The BPD has provided absolutely no proof that the Subpoena would create a hardship, would result in undue expense to the BPD, or would otherwise be oppressive.   On the contrary, the BPD is a large entity, well versed in responding to subpoenas much more complex than the one issued by Plaintiff in this case.

> C.  Plaintiff's Subpoena is Reasonably Calculated to Lead to the Discovery of Admissible Evidence

BPD's final argument in support of its Motion to Quash is that in order to prove her claims, "Plaintiff simply does not need the 30(b)(6) style testimony that it seeks in its subpoena . . ." Again, BPD provides no authority in support of this presumptive statement.  Certainly, the BPD provides no legal authority for the premise that a non-party recipient of a subpoena can dictate what information a party to complex litigation does or does not require as evidentiary proof.  Yet BPD claims that Plaintiff's Subpoena is not reasonably calculated to lead to the discovery of admissible evidence.  See, BPD Memo, at p. 4.  This Court has stated that relevant information, which is discoverable, need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Maxtena, Inc., at 434.

The BPD completely misrepresents the law is asserting that evidence of the policies and procedures of a law enforcement agency would only be relevant in a *Monell* pattern and practice action.  See BPD Memo, at p. 4.  In support of this premise, BPD improperly cites Dawson v. Prince George's County, 896 F.Supp. 537 (D.Md. 1995).  In its memorandum, BPD uses the Dawson case to assert that, "While (evidence of the County's custom, practice or policy) is most certainly relevant to Dawson's case against the County, the Court would not likely allow it in Dawson's case against Ricker (the individual officer)."  See BPD Memo, at p. 4.  BPD fails to clarify the context of the cited language.  This Court was attempting to determine if it should bifurcate claims against the individual officer from a *Monell* claim against the County.  In deciding in favor of bifurcation, the court stated, "The conflicts are obvious. The best way to avoid the conflicts resulting in trying the two claims together is to bifurcate them. To avoid prejudice in the trial against Ricker *the Court will allow only relevant evidence, if any, of the County's custom, practice or policy*. Should the jury find Ricker, or other police officers involved, innocent, a trial against the County would be unnecessary.  Dawson, at 540. (Emphasis added.)  Clearly, this Court held in the Dawson case that there are instances where – in §1983 cases against individual defendants - evidence of the policies, customs, procedures of the police department are relevant and admissible.  The court unmistakably stated that it was only evidence of "prior instances of police brutality, the nature of such incidents, and the municipal policymakers' reaction to them" that may not be admissible in a subsequent trial.  *Id*.

The lone case cited by the BPD actually represents the opposite of the proposition for which it was cited.  Indeed, the law historically favors discovery.  Rule 45 of the Federal Rules of Civil Procedure governs subpoenas issued to third parties.  See, Fed. R. Civ. P. 34(c);  Schaaf v. SmithKline Beecham Corp., 233 F.R.D. 451 (E.D.N.C. 2005).  Rule 26(b)(2) provides that a

district court may limit discovery if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;  (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  *Id*., see also Fed. R. Civ. P. 26(c) (providing discretion to the court to protect a person from annoyance, embarrassment, oppression, or undue burden or expense).  "A trial court should consider 'the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena' when considering the propriety of enforcing a subpoena."  *Id*., citing <u>Heat & Control, Inc. v. Hester Indus.</u>, 785 F.2d 1017, 1024 (Fed.Cir. 1986).

In the instant case, Plaintiff seeks information relevant to the way the Defendant Officers were trained, the policies that they were directed to follow, and the customs that prevailed at the time of the incident that is the subject of Plaintiff's Amended Complaint.  The information sought is paramount in determining whether the Defendants acted in accordance with BPD policies and procedures, or acted in contravention of those mandates.  The request for the Subpoena has never been objected to by counsel for the Defendants, and counsel has agreed to the extension of the discovery deadline for the purpose of conducting these depositions. Moreover, enforcing the subpoena would cause minimal hardship to the BPD.  Most importantly, enforcing the subpoena would not result in any delay of the trial of the case.  Again, to the extent that the BPD has policies and procedures, it should not be difficult at all to identify and prepare witnesses that can discuss those policies and procedures.  To the extent that the Court determines the scope of the Subpoena to be too broad, it has the discretion to modify the same in accordance with Fed. R. Civ. P. 45(c)(3)(C).

**WHEREFORE,** Plaintiff requests that this Honorable Court enter an Order denying the Baltimore Police Department's Motion to Quash Subpoena for Deposition Testimony, and further compelling the Baltimore Police Department to produce such witness(es) as may be necessary to satisfy Plaintiff's Subpoena.

                                                      **THE NORMAN LAW FIRM**

DATE: July 13, 2015                          */s/Stephen P. Norman_____*
                                                      Stephen P. Norman, Esquire
                                                      Bar No. 29202
                                                      The Norman Law Firm
                                                      30838 Vines Creek Rd., Unit 3
                                                      Dagsboro, Delaware  19939
                                                      302-537-3788
                                                      SNorman@TheNormanLawFirm.com
                                                      *Attorney for Plaintiff*