AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### District of Maryland

|  |  |  |
|---|---|---|
| Christine Abbott | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:13-cv-003530 |
| Officer Grishkot, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Custodian of Records at
Baltimore Police Department, 242 W. 29th Street, Baltimore, MD 21211-2908

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   Please see attached document for specific information required for production.

| Place: The Norman Law Firm 30838 Vines Creek Rd., Suite 3, Dagsboro, DE 19939 | Date and Time: 09/30/2014 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/17/2014

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

/s/ Benjamin T. Gichner, Esq.
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Christine Abbott _____ , who issues or requests this subpoena, are:
The Norman Law Firm, 30838 Vines Creek Rd., Suite 3, Dagsboro, DE 19939

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:13-cv-003530

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT TO SUBPOENA DIRECTED TO BALTIMORE POLICE DEPARTMENT DATED SEPTEMBER 17, 2014**

**Pursuant to the subpoena, please produce copies of the following:**

1. Copies of the recordings of any 911 calls or any other communications, and any other person, received by the Baltimore City Police Department Dispatch Center ("Dispatch") concerning potential complaints, including but not limited to, excessive noise from the occupants of 3853 Falls Road, Baltimore, MD 21211 (the "Property) on June 1, 2012 and June 2, 2012.

2. Copies of the written Calls-For-Service Inquiry Response report, 911 CAD report, and/or Dispatch Report to and from the Property from beginning to end when all officers cleared on June 1, 2012 and June 2, 2012.

3. Copies of the complete audio recording of the dispatch of officers to and from the Property on June 1, 2012 and June 2, 2012, from the moment the first call was received until all officers were cleared from the call.

4. Copies of any warrants obtained on June 2, 2012 regarding the Property.

5. Copies of the cell phone bills for Officers Edick and Grishkot, including all usage for phone calls and text messages for the period of June 1, 2012 through June 11, 2012.

6. Copies of all text messages and or/emails sent or received from or on behalf of Officer Grishkot and/or Officer Edick for the period of June 1, 2012 through June 2, 2012.

7. Copies of any Mobile Video System (MVS) video, cell phone, or other video or audio recording taken on June 1, 2012 or June 2, 2012 at the Property or at or around the area where the Property is located.

8.  Copies of any documents completed as a result of a failure to record video as required by the Mobile Video System (MVS) policy of the Baltimore City Police Department including, but not limited to, failure to record forms and equipment failure forms.

9.  Copies of any witness statements or sworn statements from witnesses, obtained or in the possession of Officer Grishkot and/or Officer Edick concerning the events that occurred at or around the Property on June 1, 2012 and June 2, 2012.

10. Copies of the evidence log of any evidence collected from the Property on June 1, 2012 and June 2, 2012, or at a later date pertaining to the arrest of Plaintiff Christine Abbott.

11. Copies of all drafts and or/versions of the incident reports, arrest reports, statement of probable cause, witness report, or any other documentation of the arrest of the arrest of Plaintiff on June 1, 2012 and June 2, 2012.

12. Copies of any written warnings, citations, or notices to appear, regarding noise complaints issued to any occupant of the Property on June 1, 2012 and June 2, 2012, with all supporting documentation regarding the citation.

13. Copies of all photographs, videos, or other recordings of the crime scene taken on June 1, 2012 and June 2, 2012 or at a later date pertaining to the arrest of Plaintiff.

14. Copies of all photographs, videos, or other documentary evidence of any individual involved in the incident at 3853 Falls Road, Baltimore, MD  21211 (the "Property) on June 1, 2012 and June 2, 2012 taken by or in the possession of the Baltimore City Police Department or any other individual.

15. Copies of any crime scene sketches or diagrams produced regarding the incidents that occurred at the Property on June 1, 2012 and June 2, 2012.

16. Copies of any surveillance and/or security tapes collected from devices located at or around the area where the alleged incident at 3853 Falls Road, Baltimore, MD  21211 (the "Property) on June 1, 2012 and June 2, 2012 took place.

17. The Mobile Video Transport (MVS) video(s) taken from the police cruiser or other vehicle that transported any individual involved in the June 1, 2012 incident at 3853 Falls Road, Baltimore, MD  21211 to the Jail Center, Hospital, or anywhere else from the scene of the incident (including audio/video captured prior to the actual transport to the Jail Center).

18. Copies of all documents generated at the Baltimore City Prison Center (or other detention center) pertaining to the imprisonment of Plaintiff Christine Abbott including, but not limited to, any turnkey logs, any other logs, property inventory forms, fingerprints taken.

19. Copies of all photographs, videos, or other recordings taken of Plaintiff including mug shots while at or being checked into the Baltimore City Prison Center (or other detention or central booking area).

20. Copies of all Use of Force statements provided by Officer Grishkot and/or Officer Edick or any other individual pertaining to the use of force used to arrest Plaintiff or any other individual at the Property (or near the Property) on June 1, 2012 or June 2, 2012, including, but not limited, the use of tasers and any force used that caused injuries to any individual at the Property.

21. Copies of all reports or other documents generated as a result of any injuries sustained by Plaintiff, or any other individual during the events that occurred at the Property on June 1, 2012 and June 2, 2012.

22. Copies of any internal investigation and all documents in the internal investigation file pertaining to the actions of Officer Grishkot and/or Officer Edick or any officer involved in the events of June 1, 2012 and June 2, 2012 at the Property.

23. Copies of any Use of Force investigation and all document in the investigatory file pertaining to the Use of Force, injuries, or other matters that occurred on June 1, 2012 or June 2, 2012 at the Property which the Baltimore Police Department Use of Force Policy Requires an investigation on.

24. All emails, letters, memorandum, or other documentation in the possession or accessible to the Baltimore Police Department, pertaining to an investigation or potential investigation of the events of June 1, 2012 and June 2, 2012 that occurred at the Property and the injuries occurred to the individuals involved.

25. Copies of the documentation of any disciplinary action taken against Officer Grishkot and/or Officer Edick or other individuals involved in the events of June 1, 2012 and June 2, 2012 at the Property.

26. Copies of the TASER download report for Officer Grishkot and Officer Edick, and all officers present at or near the Property on June 1, 2012 and June 2, 2012 for the period August 2011 through July 2012.

27. Copies of all documents pertaining to the EMS call and any care or transport provided by EMS including any documents or logs creating to record the EMS event for Defendant Grishkot and Officer Dickson, or any other individual regarding injuries or potential injuries sustained during or as a result of the incident on June 1, 2012 and June 2, 2012 at the Property.

28. Copies of any treatment records by EMS pertaining to any individual provided on June 1, 2012 and June 2, 2012 regarding the incident on June 1, 2012 and June 2, 2012 at the Property.

29. Copies of any records, documents, or audio/video recordings of the transport of all individuals including Officer Grishkot and Officer Edick and officers to Mercy Medical Center, as a result of the incident on June 1, 2012 and June 2, 2012 at the Property.

30. Copies of the personnel files (including discipline and job performance evaluations) for Officer Grishkot and Officer Edick.

31. Copies of any/all policies, training materials, manuals, and similar documents reflecting the procedures of the Baltimore Police Department at the time of the incident on June 1, 2012 and June 2, 2012 at the Property regarding:

    a. Mobile Video System (MVS) Policy;

    b. Arrest and detention procedures (including probable cause);

    c. Use of force/deadly force (including with and without weapons);

    d. TASERs and/or other electrically-charged weapons;

    e. Duty to Provide Medical Care to Arrestees;

    f. Reporting procedures (i.e. for reporting use of force/incidents);

    g. Citizen complaint and/or misconduct investigation procedures;

    h. Drawing/displaying firearms and/or TASERs;

    i. Bias, truthfulness, and code of silence;

    j. Any other matter that Officer Grishkot and/or Officer Edick contend that the policies, procedures and/or customs of the Baltimore City Police Department governed their conduct in this incident(s).

32. Copies of any and all documentation regarding injury, whether physical or psychological, to Officer Grishkot and/or Officer Edick or other BPD law enforcement officer sustained in, or as a result of, the incident on June 1, 2012 and June 2, 2012 at the Property, including *medical records*, other treatment records, photographs, and any other records.

33. Copies of or any and all audio recordings, video recordings, recordings of any kind, computer/digital records made or known by you and relating to the incident on June 1, 2012 and June 2, 2012 at the Property.

34. Copies of any and all documentation concerning or at all relevant to any formal or informal complaint or investigation made concerning Defendants Grishkot and Edick **and/or** the Baltimore Police Department, from any source, relating to the incident(s) described in the Complaint, including but not limited to all complaints, records of investigation(s), statements from any witness or person interviewed and/or with knowledge concerning the complaint or investigation, investigation logs, findings, conclusions, statements (in every format including written, audiotaped, and videotaped), photos, all records concerning the disposition of any such complaints against Defendants Grishkot and Edick or any other "involved officer" and/or the Baltimore Police Department, and all records concerning any counseling, training, and/or discipline anyone received as a result of any such complaint or investigation.

35. Copies of any and all documents relating to the organization of the Baltimore Police Department and the chain of command from 2005 to the present, including but not limited to all organizational charts.

**THE NORMAN LAW FIRM**

 */s/ Benjamin T. Gichner*
Benjamin T. Gichner, Esquire, Bar I.D. 801561
Stephen P. Norman, Esquire, Bar I.D. 29202
30838 Vines Creek Rd., Unit 3
Dagsboro, Delaware  19939
302-537-3788
bgichner@TheNormanLawFirm.com
*Attorney for Plaintiff*

Date: September 17, 2014