**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| CHRISTINE ABBOTT | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. NO. 13-cv-3530 |
| | * | |
| OFFICER L. GRISHKOT, | * | |
| | * | |
| OFFICER T. EDICK | * | Demand for Jury Trial |
| | * | |
| | * | |
| Defendants, | * | |
| | * | |
| | * | |

**AFFIDAVIT OF ERWIN JANSEN, JR. IN SUPPORT OF**
**PLAINTIFF'S RESPONSE TO THE MOTION OF THE BALTIMORE POLICE**
**DEPARTMENT TO QUASH PLAINTIFF'S SUBPOENA FOR DEPOSITION**

Comes now, the affiant, Erwin Jansen, Jr., being of the age of majority competent to testify to the matters stated herein, and states as follows:

1. I am employed by The Norman Law Firm in the role of Paralegal.

2. I am currently working under the supervision of Stephen P. Norman, Esquire on the above-captioned litigation.

3. I was made aware of the letter of the Baltimore Police Department at some time after it was received in our offices, and thereafter placed a call to Brent D. Schubert, counsel for the Baltimore Police Department. At that time I left a message for Mr. Schubert but never received a return call.

4. On or about June 24, 2015, I received, via ECF, Document 31, Baltimore Police Department's Motion to Quash Plaintiff's Subpoena for Deposition Testimony, as well as its various attachments.

5.  On July 8, 9, 10 and 13 I personally placed telephone calls to Brent D. Schubert, Esquire and Dorrell A. Brooks, Esquire, and left messages for each in an attempt to discuss the discovery dispute, or refer counsel to Mr. Norman for the same purpose.

6.  I left multiple voice messages for Mr. Schubert in particular asking if he would be willing to conference in accordance with Judge Bennett's preferred method of resolving discovery disputes.  I received no response to any of the messages left for counsel.

7.  On July 13, 2015, I telephoned the Chambers of the Hon. Richard D. Bennett and discussed with Judge Bennett's clerk the history of the discovery dispute.  I was later told that Plaintiff should file a responsive pleading to the Baltimore Police Department's Motion to Quash.

8.  On July 9, 2015, I spoke with Chaz Ball, Esquire, counsel for Defendants.  Pursuant to our discussion, Mr. Ball consented to an extension of the discovery deadline for the purpose of taking the deposition(s) of the corporate designee(s) of the Baltimore Police Department, subject to the Court's disposition, and with deference to counsel for the City of Baltimore to object to the scope of Plaintiff's subpoena.

I, Erwin Jansen, Jr., pursuant to Local Rule 104.8, certify that the information stated above is true to the best of my knowledge.

Respectfully submitted,

**THE NORMAN LAW FIRM**

_____.
Erwin R. E. Jansen, Jr.
Paralegal

DATE: July 13, 2015

2